GRACEY, JUDGE:
The claimant, Paris Leonard Dulaney, Jr., was a resident of West Virginia when he entered the U.S. Marine Corps. His military service was terminated eight years later when he was stationed at a base in North Carolina, and he then took residence with his parents at Ben-tree, West Virginia. At that time, he held a valid North Carolina driver’s license showing a North Carolina residence address.
On February 13, 1981, about 30 days after his service termination, he was cited in Virginia for driving while intoxicated, of which he was convicted upon a guilty plea. Incident to this citation, he had been asked where he was then living, and he had replied that he was then living at Bentree, West Virginia.
On August 18, 1981, the West Virginia Department of Motor Vehicles, the respondent, issued a West Virginia driver’s license to the claimant, replacing his North Carolina driver’s license. On March 23, *131 1982, the respondent suspended that West Virginia driver’s license, and the claimant surrendered the license upon notification. The suspension was based upon a reciprocity agreement report then recently received by the respondent from the State of Virginia showing the claimant’s conviction of driving while intoxicated in that State.
Upon several visits to the office of the respondent, the claimant unsuccessfully contended that his West Virginia driver’s license had been improperly suspended. On October 5, 1982, the suspension was vacated and the license was returned to him. He had obtained for the respondent a letter from the State of North Carolina to the effect that his North Carolina driver’s license issued April 14, 1977, and expiring August 16, 1981, was not otherwise suspended, revoked or cancelled. Ron R. Bolen, then Director of the respondent’s Driver Control Division, testified that in a similar type of case, a Judge of the Circuit Court of Kanawha County, West Virginia, had then recently ruled that the West Virginia Department of Motor Vehicles could not lawfully take the license of a person who was not a West Virginia resident when convicted.
In his Notice of Claim filed with the Clerk of this Court on December 22, 1982, damages in the amount of $21,000.00 were claimed for loss of earnings caused by the alleged wrongful suspension of his West Virginia driver’s license by the respondent. By letter dated December 6, 1982, Nationwide Insurance advised the claimant that his automobile insurance policy was being terminated as of January 25, 1983; that the cancellation action was influenced by information in a report made to the company, at its request, by the respondent. On April 22,1983, the claimant amended his Notice of Claim, alleging additional loss of earnings from January 25, 1983 to June 22, 1983, the date scheduled for hearing, and increasing his damages claim to $38,000.00.
Claimant’s evidence of lost earnings was a promise of coal mine employment 20 miles from his residence. There was nothing definite about this promised employment. Nothing had been discussed as to what type of work, working days, hours, etc. He had taken a course which made him eligible for coal mine employment as of October 20, 1981. He made no contact with the prospective employer after the promised employment and the suspension of his driver’s license. He surmised that he might have been employed as a night watchman and estimated what his earnings might have been. Although not alleged in his Notice of Claim, he also testified that his driver’s license suspension and auto insurance termination had denied him opportunities of income from employment, and possibly from earning rewards, as a *132 private detective or investigator, for which he had been issued a license by the West Virginia Secretary of State on August 1, 1982. Again, there was no real evidence of such lost earnings.
The Court perceives no negligence or wrongful act of the respondent in the suspension of the claimant’s West Virginia driver’s license on March 23, 1982, and until October 5, 1982. The claimant was, in fact, a resident of West Virginia on February 13, 1981, when cited and subsequently convicted of driving while intoxicated in the State of Virginia. Nor does the Court have in evidence any report which the respondent may have furnished to Nationwide Insurance. The Court cannot arbitrarily assume that such a report, if in fact one was given, was inaccurate, or wrongfully influenced the insurance company to terminate claimant’s automobile insurance policy.
The Court is of the opinion that the claimant has failed to carry the burden of proof necessary to establish liability of the respondent. The claim must be denied.
Claim disallowed.